Eastern District of Kentucky
FILED

SEP 16 2022

AT LONDON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON**

**CRIMINAL ACTION NO. 6:22-CR-09-REW**

**UNITED STATES OF AMERICA** **PLAINTIFF**

**V.** **PLEA AGREEMENT**

**JALEN RASHAD PASLEY,
aka JALEN MARSHALL** **DEFENDANT**

* * * * *

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count One of the Indictment. Count One charges conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance. The Defendant will also plead to the forfeiture allegation. Pursuant to Rule 11(c)(1)(A), the United States will not bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement, and the United States will move at sentencing to dismiss any additional charges.

2. The essential elements of Count One are:

(a) That two or more persons conspired or agreed to distribute a mixture or substance containing methamphetamine, a Schedule II controlled substance; and

(b) That the Defendant knowingly and voluntarily joined in this conspiracy,

and

(c) That, by way or direct and relevant conduct, it was reasonably foreseeable to the Defendant that the conspiracy involved 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

The criminal forfeiture allegation requires proof that the listed property or assets constitute, or are derived from, proceeds traceable to the commission of the offense to which the Defendant is pleading guilty.

3. As to Count One, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) Beginning in or about November of 2021, the exact date unknown, and continuing until January 26, 2022, in Laurel County, Kentucky – which is located in the Eastern Judicial District of Kentucky – and elsewhere, the Defendant conspired with others to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine (meth) a Schedule II controlled substance.

(b) During this timeframe, the Defendant was obtaining upwards of pound quantities of meth from an unidentified source of supply.

(c) The Defendant would then bring this meth to the Laurel County area where he would distribute it to several mid-level drug dealers, to include his codefendant Dustin Bice and Bice's partner.

(d) On or about January 26, 2022, law enforcement utilized a cooperating witness to arrange for the Defendant to deliver 2 pounds of meth to Bice and his partner.

(e) Upon locating the Defendant's vehicle, law enforcement executed a traffic stop. The Defendant initially complied and stopped his vehicle, but will the traffic stop was ongoing, he subsequently fled the scene at a high rate of speed – that is, upwards of 120 mph – driving south on Interstate 75 in the Laurel County area.

(f) In so doing, the Defendant recklessly created a substantial risk of death or serious bodily injury to other persons traveling on this roadway, as well

as law enforcement personnel that were in pursuit of his vehicle.

(g) The Defendant collided with a tractor trailer and wrecked his vehicle.

(h) During his flight from law enforcement, the Defendant threw the 2 pounds of meth out of the window of the vehicle. Because the bags had busted open when thrown, some of these drugs were not able to be recovered. However, law enforcement was able to recover close to 1.5 pounds of the meth that the Defendant had brought with him to sell to others.

(i) Following a K-9 alert on the vehicle a search was conducted. Inside, law enforcement located and seized a loaded, 9mm semi-automatic pistol in the back seat of the vehicle, as well as two plastic baggies containing various pills.

(j) Through direct and relevant conduct, the Defendant is responsible for between 500 grams and 1.5 kilograms of a mixture or substance containing methamphetamine.

4. The statutory punishment for Count One is imprisonment for not less than 15 years nor more than life, a fine of not more than $20,000,000, and a term of supervised release of at least 10 years. The Defendant is eligible for the above-referenced enhanced statutory penalty because he has a prior qualifying conviction for a serious violent felony pursuant to 21 U.S.C. §§ 841(a)(1) and 851. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk as directed by the Court.

5. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a) The United States Sentencing Guidelines (U.S.S.G.) manual in effect at

the time of sentencing will determine the Defendant's guidelines range.

(b) Pursuant to U.S.S.G. § 1B1.3 and 2D1.1, the base offense level of the converted drug weight is a level 30.

(c) Pursuant to U.S.S.G. § 3C1.2, increase by 2 levels because the Defendant recklessly created a substantial risk of death or serious bodily injury to another in the course of fleeing from a law enforcement officer.

(d) Pursuant to U.S.S.G. § 2D1.1(b)(1), increase by 2 levels because the Defendant possessed a dangerous weapon (that is, the loaded firearm) at the time of the offense.

(e) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists regarding the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. Except for claims of ineffective assistance of counsel, the Defendant waives the right to attack collaterally the guilty plea, conviction, and sentence. The Defendant also waives the right to appeal the guilty plea and conviction. The Defendant reserves the right to appeal the sentence.

8. The Defendant will forfeit to the United States all interest in the property listed in the forfeiture allegation of the Indictment and will execute any documents necessary for this forfeiture. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offense, as set out in the forfeiture allegation of the Indictment.

9. The Defendant waives any future claim or argument that the statute to which he is pleading guilty is unconstitutional, or that the admitted conduct does not fall within the scope of the statute.

10. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an Indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

11. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

12. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

13. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER IV
UNITED STATES ATTORNEY

Date: 9/16/22 By: ______________________
W. Samuel Dotson
Assistant United States Attorney

Date: 9/16/22 ______________________
Jalen Rashad Pasley
Defendant

Date: 9/16/22 ______________________
Michael B. Fox
Attorney for Defendant