UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:22-CR-9-REW-HAI |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| JALEN RASHAD PASLEY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 71 (Minute Entry), United States Magistrate Judge Hanly A. Ingram recommended that the undersigned accept Defendant Jalen R. Pasley's guilty plea and adjudge him guilty of Count One of the Indictment. *See* DE 14 (Indictment); 72 at 2 (Recommendation). Judge Ingram expressly informed Pasley of his right to object to the recommendation and to secure de novo review from the undersigned. *See* DE 72 at 3. The established, three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise [an] argument in his objections to the magistrate[ judge]'s report and recommendation . . . [he] has [forfeited] his right to raise this issue on appeal.'" (alterations in original) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996))); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); Fed. R. Crim. P. 59(b)(2)–(3) (limiting de novo review duty to "any objection"

filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

Thus, with no objection from any party and on full review of the record, the Court **ORDERS** as follows:

1. The Court **ADOPTS** DE 72, **ACCEPTS** Pasley's guilty plea, and **ADJUDGES** him guilty of Count One of the Indictment.

2. Further, per Judge Ingram's recommendation (DE 72 at 2), the Defendant's agreement (DE 74 at ¶ 8), and an audit of the rearraignment hearing, the Court provisionally **FINDS** that the property identified in the Indictment (DE 14 at 3) is forfeitable. Defendant has an interest in said property, and the Court preliminarily **ADJUDGES** Defendant's interest in such property **FORFEITED**. Under Criminal Rule 32.2, and absent pre-judgment objection, "the preliminary forfeiture order becomes final as to" Defendant at sentencing. Fed. R. Crim. P. 32.2(b)(4)(A). The Court will further address forfeiture at that time. *See id.* at (b)(4)(B).

3. The Court **CANCELS** the jury trial in this matter.

4. The Court will issue a separate sentencing order.

This the 27th day of September, 2022.

Signed By:
*Robert E. Wier* /s/ REW
United States District Judge