UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JALEN RASHAD PASLEY,<br><br>Defendant. | ) | No. 6:22-CR-9-REW-HAI-1<br><br>ORDER |

*** *** *** ***

Defendant Jalen Pasley moves for a "Motion for Leave to File Out of Time" his § 2255 petition, *see* DE 138, and for a "Motion for Discovery Pursuant to Rule 6(b)," *see* DE 139. The Court **DENIES** both motions.

First, Pasley has not filed a § 2255 motion, and there is no mechanism for a pre-filing enlargement to the § 2255 deadline or for pre-motion discovery. Pasley's motions do not suggest anything to the contrary, failing to cite any basis for the motions other than "rule 6(b), of the rules governing § 2255 proceedings[.]" *See* DE 139. In this circuit, *United States v. Asakevich*, 810 F.3d 418, 420–22 (6th Cir. 2016), flatly bars the practice. Moreover, despite Pasley's motion for an extension of time, and assuming his petition for cert. was timely, it appears that he likely is still within the one-year deadline to file a timely § 2255 motion, given that the Supreme Court denied his petition for writ of certiorari in October 2024. *See* DE 137; *see also* 28 U.S.C. § 2255(f) (setting a one year limitations period for filing a motion under the section, running from the latest of, among other things, "the date on which the conviction becomes final"); *Clay v. United States*, 123 S. Ct. 1072, 1076 (2003) ("Finality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a

certiorari petition expires."); *Asakevich*, 810 F.3d at 418 (pegging finality to date of denied certiorari petition). The Court does not finally adjudicate that issue here, observing only that the path still appears open to Pasley.

If Pasley wishes for the Court to hear his claim, he may file a § 2255 motion within the limitations period and following the proper procedures. Until then, the Court **DENIES** DE 138 and 139.

This the 28th day of May, 2025.

**Signed By:**
***Robert E. Wier*** REW
**United States District Judge**